■ MICHAEL P. McGORRY et al., Appellants, v MADISON SQUARE GARDEN CORPORATION, Respondent. [771 NYS2d 885]—

Judgment, Supreme Court, New York County (Jane Solomon, J.), entered October 19, 2001, which, in an action for personal injuries, after a jury trial, apportioned fault 80% against plaintiff McGorry and 20% against defendant, and awarded plaintiffs various items of damages but none for, inter alia, plaintiff McGorry's past lost earnings, unanimously modified, on the law and the facts, to vacate so much of the judgment as pertains to past lost earnings and apportionment of fault, and the matter remanded for a new trial on those issues, and otherwise affirmed, without costs, unless defendant stipulates, within 20 days of service of a copy of this order with notice of entry, to apportion fault equally between plaintiff McGorry and itself (i.e., a 50% apportionment against each such party), in which event the new trial shall be limited to the issue of past lost earnings.

Plaintiff McGorry was injured when he slipped and fell on a wet and sticky floor as he left a bar area at Madison Square Garden. Although an issue of comparative negligence was plainly presented, we find, based on our review of the trial record, that the jury's apportionment of 80% of fault against plaintiff was against the weight of the evidence. We therefore remand for a new trial on the issue of comparative negligence, unless defendant stipulates to a reapportionment of fault as indicated. Whether or not defendant so stipulates, a new trial is required on the issue of past loss of earnings, since the record offers no support, as a matter of law, for the finding that plaintiff McGorry suffered no past loss of earnings as a result of his injuries. In this regard, we note that even defendant's economic

expert concluded that plaintiff McGorry had experienced a substantial loss of income during his recovery period.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Buckley, P.J., Rosenberger, Friedman and Gonzalez, JJ.