■ Tamara Covington, Respondent-Appellant, v Sanjeev Kumar et al., Respondents, and Jarrett A. McCalla et al., Appellants-Respondents. [891 NYS2d 10]—

Judgment, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered September 30, 2008, upon a jury verdict, awarding plaintiff damages and finding defendants McCalla and Thomas 100% liable, and no liability on the part of defendants Kumar and Lal, and bringing up for review the denial of the McCalla/Thomas defendants' motions for a directed verdict and to set aside the verdict, unanimously modified, on the facts, to vacate so much of the judgment as pertains to apportionment of fault, and the matter remanded for a new trial on that issue, and, except as thus modified, affirmed, without costs, unless all defendants stipulate, within 20 days of service of a copy of this order with notice of entry, to apportion fault 60% against defendants McCalla and Thomas and 40% against defendants Kumar and Lal.

Plaintiff was injured while riding in the back passenger seat of a taxicab, which was driven by Kumar and owned by Lal. The taxicab made a left turn across an intersection and was struck by an approaching vehicle driven by McCalla and owned by Thomas. After trial, the jury apportioned 100% fault against defendants McCalla and Thomas. The parties stipulated that defendant McCalla had a green light in his favor as he entered

the intersection. Yet, inexplicably, the jury apportioned 100% fault against defendants McCalla and Thomas, and 0% against Kumar and Lal. The Court denied both the motion to set aside the verdict and also the motion for a directed verdict. We vacate the judgment insofar as it apportioned fault.

CPLR 4404 (a) permits a court to set aside a jury verdict and direct a new trial if the verdict is against the weight of the evidence. "[W]hether a verdict is against the weight of the evidence involves what is in large part a discretionary balancing of many factors" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

Vehicle and Traffic Law § 1141 provides that "[t]he driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard." Kumar did not testify at trial, and his attorney acknowledged his liability. Indeed, counsel stated that Kumar was challenging only the claim that plaintiff suffered a serious injury. At a minimum, Kumar was negligent when he made a left hand turn without yielding the right-of-way, in violation of Vehicle and Traffic Law § 1141. Under such circumstances, the jury verdict finding no fault against Kumar is against the weight of the evidence.

We therefore remand for a new trial on the apportionment of damage, unless all defendants stipulate as indicated (*see McGorry v Madison Sq. Garden Corp.*, 4 AD3d 264 [2004]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Nardelli, DeGrasse and Freedman, JJ.